MEMORANDUM ***
Mark Weber (Weber) appeals the district court’s summary judgment in favor of the defendants. We reverse and remand.
Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.
Under Montana law, “[a]ny teacher who receives notification of reelection for the ensuing school fiscal year shall provide the trustees with written' acceptance of the conditions of the reelection within 20 days after the receipt of the notice of reelection, and failure to notify the trustees within 20 days constitutes conclusive evidence of the teacher’s nonacceptance of the tendered position.” Mont.Code Ann. § 20-4-205(2). On April 27, 2005, the Board of Trustees informed Weber in writing that his position was renewed for the 2005-2006 school *6 year. On May 5, Weber accepted his position, and at that point, retained his position for the 2005-2006 school year.
In its April 27 letter, the Board of Trustees also informed Weber that a contract specifying his salary would be given to him once the Twin Bridges School District and the Twin Bridges Federation of Teachers completed them negotiations. On July 20, the Board of Trustees offered Weber a contract, which provided that Weber’s failure to sign and return the contract by August 9 would be regarded as conclusive evidence of non-acceptance, and that his position “shall be declared vacant.” It is undisputed that Weber did not sign and return his contract by August 9; instead, he hand-delivered his signed contract to Superintendent David Whitesell (White-sell) shortly after 9 a.m. on August 10.
The following week, Whitesell informed the Board of Trustees that a teacher turned in his salary contract late, but the Board of Trustees took no action. The next day, Whitesell sent Weber a letter informing him that his failure to sign and return the contract by August 9 was being taken as “notice that the position [was] vacant.”
However, Montana law provides that “the trustees of each district shall ... employ or dismiss a teacher ... upon the recommendation of the district superintendent, the county high school principal, or other principal as the board considers necessary, accepting or rejecting any recommendation as the trustees in their sole discretion determine.... ” Mont.Code Ann. § 20-3-324(1). Montana law grants no similar authority to superintendents. Therefore, once Weber accepted his position for the 2005-2006 school year, only the Board of Trustees, and not Whitesell, had the authority to dismiss him, regardless of whether Weber failed to sign and return his contract on time. It is undisputed that the Board of Trustees took no such action here.
Furthermore, Montana law specifically describes the procedures used by a board of trustees to terminate the services of a tenured teacher. See Mont.Code Ann. § 20-4-204. Here, none of these procedures were followed.
Therefore, we hold that under Montana law, once Weber accepted his position for the 2005-2006 school year in conformity with section 20^4-205(2), Whitesell did not have the authority to declare Weber’s position vacant without the Board of Trustees first resolving to do so pursuant to the procedures set forth in section 20-4-204. Therefore, we reverse the district court’s summary judgment in favor of the defendants and remand.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.